UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER,

                          Plaintiff,

        -against-

JUDGE ANNE SWERN; DETECTIVE
BRENGIE VASQUEZ (NYPD); FRANK
BRYANT (OSI) INVESTIGATOR
NYDOCCS; JOHN DOE (OSI)
INVESTIGATOR NYDOCCS; JOHN DOE
NYPD POLICE OFFICERS; JEAN PRISCO
ADA; JUDGE CURTIS FARBER; CITY OF
NEW YORK,

                          Defendants.

24-CV-6702 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who was incarcerated at Elmira Correctional Facility when he filed this action

but has since been released on parole, brings this action, *pro se*, under 42 U.S.C. § 1983 and state

law, alleging that Defendants violated his federally protected rights. By order dated September 6,

2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation

marks and citations omitted) (emphasis in original).

## BACKGROUND

Named as Defendants in this action are: (1) Judge Anne Swern; (2) New York Police

Department ("NYPD") Detective ("Det.") Brengie Vasquez; (3) Frank Bryant, Office of Special

Investigation ("OSI") Investigator; (4) OSI Investigator John Doe; (5) John Doe NYPD Police

Officers; (6) Assistant District Attorney ("ADA") Jean Prisco; (7) Judge Curtis Farber; and

(8) the City Of New York. The following facts are drawn from Plaintiff's complaint, in which he

asserts claims arising from his criminal proceedings in New York State Supreme Court, New

York County.

A.    Allegations arising from the issuance of a search warrant

In April 2021, Plaintiff was on parole from an assault conviction. (ECF 1 at 6.) Claiming

that there was probable cause to believe that Plaintiff had committed another assault, Det.

Vasquez and ADA Prisco applied to the state court for a warrant to search Plaintiff's residence.

(*Id.* at 36.) In an affidavit that plaintiff has attached to the complaint,[2] Det. Vasquez indicated

that the application was based on surveillance video, documents relevant to the investigation, and

conversations with the complaining witness, police personnel, and "other sources," and sought

---

[2] Other attachments to the complaint include a property list, parole revocation documents, grand jury transcripts, and the state's opposition to a *pro se habeas corpus* petition that Plaintiff filed in his state court criminal proceedings. (*Id.* at 34-103.)

authorization to seize electronic devices, including a cell phone, and clothing. (*Id.* at 34-44.) Judge Swern signed the warrant, and NYPD officers seized Plaintiff's cell phone, clothing, and other personal property. (*Id.* at 10.) All of the seized property was subsequently lost. (*Id.* at 10-11.)

Plaintiff was arrested and charged with assault; on September 23, 2021, Judge Farber presided over Plaintiff's arraignment, at which time attorney Glenn Hardy was assigned to represent Plaintiff. (*Id.* at 9-10.) Hardy filed a motion challenging the search warrant as "improperly granted in that probable cause for [it] was" lacking, and seeking to suppress "all material" that had been seized. (*Id.* at 83.) In the motion, Hardy argued that there was "no information" in Det. Vasquez's affidavit that Plaintiff "had a cell phone when the crime was committed," and that his assertion that Plaintiff's phone "might contain evidence of the incident [was] not premised upon specific and particularized facts" sufficient to support issuance of the warrant. (*Id.* at 82-88.) On March 10, 2022, Judge Farber denied the motion to suppress. (*Id.* at 10, 25.) Plaintiff was convicted of the underlying charge on March 13, 2024. (*Id.* at 11.)

In this complaint, Plaintiff challenges the validity of the search warrant on the same grounds set forth in Hardy's motion, specifically, that the affidavit did not contain facts showing the relevance of his cell phone to the crime, and he further claims that there was no grand jury testimony about a cell phone. (*Id.* at 11.) He also asserts that Defendants conspired to violate his rights to equal protection by applying for and executing a search warrant without probable cause due to his status as a parolee. (*Id.* at 18.)

B.    Other allegations

Plaintiff sets forth additional facts, regarding events that occurred during his arrest, custody at Rikers Island, and criminal proceedings, that do not stem from the issuance of the search warrant. Plaintiff was in Arlington, Virginia when he was taken into custody, and OSI

Investigators Bryan and Doe oversaw his extradition to New York. (*Id.*) Plaintiff claims that Bryan and Doe took his credit cards, social security card, cell phone, and state identification and intentionally lost them. (*Id.* at 10, 30.)

While Plaintiff was detained at Rikers, Plaintiff's parole revocation hearing, scheduled for August 17, 2021, was adjourned pending the outcome of the proceedings on the new assault charge. (*Id.* at 23.) On August 31, 2021, a judge ordered Plaintiff to undergo a competency examination pursuant to N.Y. Crim. Proc. L § 730, but the examination was either never held, or not timely held. (*Id.* at 23.) On September 14, 2021, after Plaintiff refused to attend court, Judge Farber issued a "force order" requiring his appearance. (*Id.* at 9.) After Otis Bantam Correctional Center Caption John Doe threatened Plaintiff with physical harm, Plaintiff agreed under duress to attend court. (*Id.*)

Plaintiff seeks money damages. (*Id.* at 15-16, 18-22, 28.) On November 25, 2024, Plaintiff filed a motion requesting appointment of *pro bono* counsel. (ECF 7.)

## DISCUSSION

Plaintiff filed this complaint under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.    Issues Regarding Claims Against the Named Defendants

1.    Judge Swern and Judge Farber

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g.*, *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against the judge in part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Plaintiff fails to allege any facts showing that Judges Swern and Farber acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff appears to sue judicial officers for "acts arising out of, or related to,

individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff alleges no facts suggesting that he seeks to remedy a harm that is prospective, or that a declaratory decree was violated, declaratory relief was unavailable, or that an appeal is unavailable.

Accordingly, the Court dismisses Plaintiff's claims against Judge Swern and Judge Farber because they seek monetary relief against Defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].")

2.    ADA Jean Prisco

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia, Van de Kamp*)).

Here, Plaintiff names ADA Prisco as a defendant in this complaint based on actions within the scope of her official duties and associated with the conduct of criminal proceedings. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

3.    City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized,

constitutes a custom or usage of which a supervising policy-maker must have been aware; or
(4) a failure by policymakers to provide adequate training or supervision to subordinates to such
an extent that it amounts to deliberate indifference to the rights of the those who come into
contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-
77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff's complaint does not contain facts suggesting that a municipal policy, custom, or
practice caused the violation of his constitutional rights. The Court grants Plaintiff leave to file
an amended complaint, should he wish to do so, to plead facts supporting a municipal liability
claims against the City of New York.

B.    Fourth Amendment Claims

1.    Challenge to the sufficiency of the affidavit in support of the search warrant

The Court construes Plaintiff's allegation that there was no probable cause for seizure of
his cell phone as arising under the Fourth Amendment. The Fourth Amendment protects the
rights of the people "to be secure in their persons, houses, papers, and effects, against
unreasonable searches and seizures." U.S. Const. amend. IV. "It is a 'basic principle of Fourth
Amendment law' that searches and seizures inside a home without a warrant are presumptively
unreasonable," *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal citation omitted). But
searches and seizures conducted "pursuant to a warrant issued by a neutral magistrate [are]
presumed reasonable because such warrants may issue only upon a showing of probable cause,"
*Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see also Messerschmidt v. Millender*, 565
U.S. 535, 546 (2012); *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). A plaintiff
may overcome this presumption if he can "show that the affiant knowingly and deliberately, or
with a reckless disregard of the truth, made false statements or material omissions in his
application for a warrant, and that such statements or omissions were necessary to the finding of

probable cause." *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994); *see also Coderre v. City of Wallingford*, No. 15-2877-CV, 2016 WL 4821533 (2d Cir. Sept. 13, 2016) (summary order affirming dismissal of Section 1983 claim for fraudulently obtained warrant). In short, when officers conduct a search and seize property pursuant to a signed warrant, unsupported assertions that police officers lacked probable cause to do so are not sufficient to state a claim under Section 1983. *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015) (holding that under Section 1983, "[u]nsupported conclusory allegations of falsehood or material omission cannot support a challenge to the validity of [a] warrant; rather, the plaintiff must make specific allegations supported by an offer of proof" (internal quotation marks omitted)).

Here, NYPD officers executed a search warrant that had been signed by a judge. Plaintiff does not allege that Det. Vasquez made false statements or material omissions in the affidavit in support of the search warrant. Instead, Plaintiff relies on arguments made by his defense attorney in a suppression motion, and grand jury testimony, to argue that there was no probable cause in support of the search warrant or the seizure of his cell phone. Plaintiff does not plausibly plead facts sufficient to overcome the presumption that the officers' search of his residence and seizure of his cell phone property pursuant to the search warrant was reasonable.

The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, in which he alleges facts suggesting that the warrant was facially invalid or procured through fraud or other misrepresentation.

2.    Equal protection claim

Plaintiff alleges that Defendants violated his right to equal protection by targeting him solely because he was on parole for a prior assault. The Equal Protection Clause essentially requires that all persons similarly situated should be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "Unless a classification trammels fundamental

personal rights or is drawn upon inherent suspect distinctions such as race, religion, or alienage," *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976), courts have upheld different types of state action under the Equal Protection Clause so long as the classification bears some rational relationship to a legitimate state interest, *Hayden v. Paterson*, 594 F.3d 150, 169 (2d Cir. 2010); *see also Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) ("To prove a violation of the Equal Protection Clause, for example, a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." (citing *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995))). "Parolees do not constitute a suspect or quasi-suspect class, requiring heightened scrutiny for the purpose of equal protection analysis." *Robinson v. New York*, No. 09-CV-0455, 2010 WL 11507493, at *6 (N.D.N.Y. Mar. 26, 2010); *see also Lee v. Governor of the State of N.Y.*, 87 F.3d 55, 60 (2d Cir. 1996); (holding that prisoners, "either in the aggregate or specified by offense," are not a suspect class whose disparate treatment is subject to strict scrutiny by the courts.)

Where an individual, like Plaintiff, does not assert that he is a member of a protected class, he may maintain an Equal Protection claim as a "class of one," but only if he alleges that he was intentionally treated differently from other similarly-situated individuals without any rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Clubside, Inc. v. Valentin*, 468 F.3d 144, 158-559 (2d Cir. 2006); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003) (holding that, to state a valid equal protection "class of one" claim, a plaintiff must allege (1) that he has intentionally been treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment).

A plaintiff asserting a class-of-one claim must show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based

on impermissible considerations. *Goldstein v. Hochul*, 680 F. Supp. 3d 370, 399 (S.D.N.Y. 2023).

"General" and "relatively bare" allegations that plaintiff was subjected to a "different standard"

than that "typically afforded" to a similarly situated person are not "sufficient to meet the

minimum level established . . . for 'class of one' claims at the pleading stage." *Mathie v.

Dennison*, No. 06-CV-3184 (GEL), 2007 WL 2351072, at *9 (S.D.N.Y. Aug. 16, 2007) (citing

*DeMuria,* 328 F.3d at 707).

Here, Plaintiff does not allege that he was treated differently than others similarly situated

as a result of intentional or purposeful discrimination, or that he was subject to disparate

treatment that was not rationally related to a legitimate state interest or that a fundamental right is

at issue. *See Romer v. Evans*, 517 U.S. 620, 631 (1996) ("If a law neither burdens a fundamental

right nor targets a suspect class, we will uphold the . . . classification so long as it bears a rational

relation to some legitimate end."). For example, there are no facts in the complaint suggesting

that Plaintiff was treated differently from similarly situated parolees, under circumstances giving

rise to an inference that he was intentionally singled out by state actors "for reasons that so lack

any reasonable nexus with a legitimate governmental policy that an improper purpose is . . . all

but certain." *Booker v. City of New York*, No. 14-CV-9801 (PAC) (HBP), 2017 WL 151625, at *5

(S.D.N.Y. Jan. 13, 2017).

Accordingly, to the extent Plaintiff brings a class of one equal protection claim, the claim

fails. Having reviewed Plaintiff's allegations, the Court finds no facts that give rise to an

inference that he was treated differently from similarly situated parolees, or that there was no

rational basis for the difference in the alleged unequal treatment. The Court therefore dismisses

the equal protection claim for failure to state a claim on which relief may be granted.

C.    Conspiracy Claim

The Court construes Plaintiff's assertions that Defendants conspired to violate his rights as arising under 42 U.S.C. § 1985(3). To state a claim of conspiracy under Section 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985(3) must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Vague and unsupported assertions of a claim of conspiracy will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff's allegations about a conspiracy among law enforcement, prosecutors, and judges to violate his rights during his criminal proceedings are conclusory, vague, and without detail. The Court therefore dismisses Plaintiff's claims of conspiracy under Section 1985(3) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D.    Lost Property Claim

The Court construes Plaintiff's allegations regarding lost property as asserting a claim that he was deprived of his property in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires weighing: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533.

Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides post-deprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any of these state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim under Section 1983 that Defendants deprived him of his property without due process.

E.    Other challenges to criminal proceedings

Plaintiff sets forth facts in which he appears to challenge the constitutionality of other aspects of his criminal proceedings. To the extent Plaintiff seeks to have his conviction overturned, he may not obtain such relief in a Section 1983 action; instead, he can only obtain

such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[3] *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). An individual who seeks to challenge the constitutionality of a state court conviction may do so by filing a petition under 28 U.S.C. § 2254. Section 2254 is also the proper vehicle to use in challenging the constitutionality of an individual's custody, after an individual has been convicted in a state court and sentenced to serve a term of imprisonment pursuant to a judgment of conviction. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

The Court declines to recharacterize Plaintiff's allegations seeking release as a petition brought under Section 2254 because Plaintiff's conviction only became final on March 13, 2024, and he has not shown that he has exhausted his state court remedies. Exhaustion of state court remedies is required under Section 2254. *See* 28 U.S.C. § 2254(b) and (c);[4] *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

---

[3] To challenge a conviction under Section 2254, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Although Plaintiff has been released from prison, his parole status satisfies the "in custody" requirement for the purposes of Section 2254 *habeas corpus* jurisdiction. *See Eisemann v. Herbert*, 401 F.3d 102, 105 n.1 (2d Cir. 2005).

[4] Under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a Section 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

Insofar as Plaintiff seeks to challenge his conviction, he must first exhaust his state court remedies, and if he is unsuccessful in the state courts, he may return to federal court and file a petition for a writ of *habeas corpus* under Section 2254.

F.    State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court has granted Plaintiff leave to file an amended complaint, it will determine at a later stage whether or not to exercise supplemental jurisdiction over any state law claims Plaintiff may wish to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

G.    Motion for Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6702 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The motion for counsel is denied without prejudice, and the Clerk of Court is directed to terminate it (ECF 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                    -against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   ☐ Yes      ☐ No
                    (check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                        1

Defendant  No. 1      Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2      Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3      Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4      Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions             ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |
_____
_____
_____

| Who did what? |
_____
_____

_____
_____

| Was anyone else involved? |
_____
_____

| Who else saw what happened? |
_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
       must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

*Rev. 12/2009*                              4