<u>TOC</u>

1. Amended Complaint 11 pages 39 paragraphs.
(Complaint form 4 pages)

2. Amended Search warrant Affidavit (Proof)
10 pages Ex A

Ex / Attachments

24 CV 6702

Cooper V Swern

U.S DISTRICT COURT SDNY

2025 MAR 30 PM 3:28

RECEIVED

USM
SDNY P3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2025 MAR 30 PM 9:20

Kaazim Cooper

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

___ Civ. _____ ( ___ )

**AMENDED
COMPLAINT**

Jury Trial: ☑ Yes  ☐ No
*(check one)*

-against-

NYPD Detective Brengie Vasquez

11169, John Doe NYPD officers

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name    Kaazim Cooper
            Street Address    152 West 118 st Apt 5 E
            County, City    New York
            State & Zip Code    NY  10026
            Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name ~~Detective~~ Detective Arengie Vasquez
                   Street Address 2271-89 Frederick Douglass Blvd
                   County, City New York
                   State & Zip Code 10027      NY
                   Telephone Number

Defendant No. 2    Name John Doe NYPD officers / Detectives
                   Street Address 2271-89 Frederick Douglass Blvd
                   County, City New York
                   State & Zip Code NYC
                   Telephone Number

Defendant No. 3    Name City of New York
                   Street Address
                   County, City
                   State & Zip Code
                   Telephone Number

Defendant No. 4    Name
                   Street Address
                   County, City
                   State & Zip Code
                   Telephone Number

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court:
cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28
U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal
question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another
state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions                    ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
      is at issue? Fourth and fourteenth amendment

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship

      Defendant(s) state(s) of citizenship

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?  _At the 28th precint,_
_100 Center Street, and 152 West 118st Apt 5E_

B.    What date and approximate time did the events giving rise to your claim(s) occur?  _____

C.    Facts:  _SEE Attached_

| |
|---|
| What happened to you? |

| |
|---|
| Who did what? |

| |
|---|
| Was anyone else involved? |

| |
|---|
| Who else saw what happened? |

## IV.    Injuries:            _SEE Attached_

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

SEE Attached

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 30 day of _March_, 2025.

Signature of Plaintiff        Kaanyen Cooper

Mailing Address               152 West 118st APE 5E

New York, NY 10026

Telephone Number        _____

Fax Number *(if you have one)*   _____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number        _____

*Rev. 12/2009*

4

Amended complaint 24CV6702 COOPER V SWERN

1. Plaintiff invokes supplemental State jurisdiction pursuant 28 USC 1367.

2. On April 6, 2021 defendant detective Brengie Vasquez submitted original search warrant application to court requesting to search plaintiff's home at 152 West 118th Street apartment 5e New York New York 10026 ("THE TARGET PREMISES"). SEE original search warrant affidavit Exhibit H 10 pages. Defendant Vasquez never denotes electronic devices such as cell phones, computers or other electronic devices as TARGET PREMISES that at which plain site search would be futile.

3. Defendant Vasquez States on page 1 this affidavit is submitted in support of an application for warrant to search West 152 118th Street apartment 5e New York New York the target premises where there is reasonable cause to believe that evidence of the commission of the crime of assault in the second degree maybe found in the form of the following property (a) clothing specifically blue pants a blue denim jacket a multicolored sweater a hat and white sneakers. (C) Cellular telephones mobile devices cameras video recorders and other electronic devices and or equipment capable of storing data information images and their components and accessories including but not limited to wires cords monitors software hard drives and charges belonging to or possessed by KAZZIM COOPER".

4. Defendant Vasquez ask the court for authorization to search these devices but does not specify their relation to the crime. It askes to search things As messages post communications pictures videos computer generated images or other images or records portraying recordings describing or depicting or otherwise referring to the plaintiff's participation In a assault defended detective Vasquez omits any testimony on how these documents and items could potentially be related to the commission of an assault or an assault. See page 2 paragraph 3 amended search warrant affidavit exhibit a.

5. On pages three four and five Detective defendant Vasquez States "he received and reviewed surveillance video recorded in a vicinity of 168 Lenox avenue in New York county from April 4th 2021 at approximately 3:00 p.m. and observe the black male wearing a denim jacket blue jeans a hat and white sneakers approach the complaining witness he says he observed the male approach the

complaining witness and punch her in the face the force of the blow caused the women to fall to the ground at which point the suspect walked away towards 118th Street. Defending States he reviewed video surveillance from 118th Street which revealed that immediately after the attack the suspect entered an apartment building located at 152 West 118th Street in New York county. Detective states that he sees suspect answer apartment 5e at the Target premises.

6. Defendant States on April 6th 2021 he showed detective Isaac Moultrie of the 24th precinct the surveillance video from the assault and the time period around us so as well as still photographs from the surveillance videos detective Moultrie informed me that he recognized the suspect to be kazim Cooper having arrested Cooper on January 8th 2021. Defendant States on April 6,2021 he submitted an affidavit in support of a search warrant for the Target premises which was authorized by judge Swern said search warrant is attached hereto and Incorporated heron and said search warrant I set for that plaintiff's parole officer Libby black had visited him in his home on April 6, 2021 that morning I again spoke with parole officer Black who clarified that she last observe plaintiff at the Target premises on April 1st 2021.

7. The probable cause section omits any evidence related to the use of cell phone or other electronic devices subject to search and seizure on page 1 paragraph 2 and the warrant is not signed by judge Anne Swern. SEE Page six indicating detective Brengie Vasquez signature and his shield number 11169 28th precinct detective squad and assistant district attorney Jean Prisco and under it says one two before me no date and no signature by the judge see Page 6 exhibit A . A signature is also omitted on page 10 of the search warrant affidavit exhibit a.

8. On April 8th 2021 defendant detective Vasquez and several other John Doe NYPD defendants execute search warrant on plaintiff's home the target premises and confiscate cell phones electronic devices and sanction video surveillance on the target premises.

9. On April 27th 2021 evidence is presented to a Grand jury I which defended detective Vasquez gives testimony. on August 30th 2021 plaintiff is indicted under indictment number 935/2021.

3

10. Plaintiff get arrested on August 17th 2021 plaintiff attends parole hearing on August 27th 2021 plaintiff attends parole hearing on August 31st 2021 plaintiff gets arraigned on indictment in criminal Supreme Court on September 23,2021 after parole revocation proceedings are concluded. Plaintiff becomes acquainted and assigned counsel Glenn Hardy this same day.

11. October 21st 2021 council Hardy since plaintiff grand jury transcripts 31 pages SEE exhibit E attached to original complaint. none of the witnesses who testified at the Grand jury disclose any evidence related to the use of cell phones or other electronic devices in relation to commission of assault defense or assault.

12. On February 6th 2022 defense counsel Hardy files motion to controvert cell phone search affirming that the warrant to serve the defendant cell phone and other electronic devices is invalid has not been promised upon probable cause and offended possesses standing to challenge the said search and seizure because he lives at Target premises and has expectation of privacy"

13. On March 10th 2022 defendant receives certificate of compliance (coc) from defense counsel Hardy pursuant cpl 240.50. COC contains search warrant affidavit and amended search warrant affidavit and plaintiff is able to review these documents for the first time when receiving certificate of compliance.

14. Or May 2, 2022 defendant judge Farber denies motion to controvert cell phone search and seizure.

15. Plaintiff proceeds the trial on these assault charges and on March 11th 2024 plaintiff appears in court part 85 111 center Street New York county Supreme Court for pretrial hearings at hearing assistant district attorney Sarah Lubin States that "clothing cell phones and other accessories seized at plaintiff home stemming from search warrant application and execution were lost in police inventory and will not be used against plaintiff in his criminal trial"

## Legal claims

Plaintiff is claiming that defendant did not have authority to name the plaintiff as a subject designee for property to be seized and searched because he was not named as a defendant in a criminal action and he every person at the Target premises where

4

he does not live at by himself has reasonable expectation of privacy and that defendants violated the Fourth amendment and 14th amendment because the cell phone and other electronic devices have nothing to do with the crime that took place in violation of CPL 690.10 thereby not satisfying the particularity requirements of CPL 690.35 and the Fourth amendment plaintiff also is stating that the amended search warrant affidavit is not signed by a judge thereby nullified thereby search warrant was executed without Fourth amendment sanction the ruling in Frank's is immaterial. ......

16. Detective Vasquez did not have probable cause to conduct seizure and subsequent search on cell phones and other electronic devices listed in search warrant because they had no probable cause to seize pursuant CPL 690.10 there violating plaintiffs Fourth and fourteenth amendment rights. CPL 690.10 "search warrants property subject to seizure there under" States "personal property is subject to seizure pursuant to a search warrant if there was reasonable cause to believe that it: 1. Is stolen; or 2. Is unlawfully possessed or 3. Has been used or is possessed for the purpose of being used to commit or conceal the commission of an offense against the laws of this state or another state 4. Constitutes evidence or tends to demonstrate that an offense was committed in this state or another state or that a particular person participated in the commission of an offense in this state or another state" .

17. Defendant detective Vasquez did not have the authority to request to "search and seizure of cellular telephones mobile devices cameras video recorders and other electronic devices and or equipment capable of storing data information and images and their components and accessories including but not limited to wires cords monitors software hard drives and charges belonging to or possessed by KAZZIM COOPER". Defendant had no reason to believe that evidence of an assault would be found on plaintiff's cell phone or any other electronic devices that belong to him or that any of these devices could be stolen or unlawfully possessed could be found in his home thereby violating CPL 690.10, fourth amendment and 14th amendment due process rights.

18. CPL 690.35 (3) States "a search warrant application must contain a statement that there is reasonable cause to believe that property of a kind or character describe in section 690.10 may be found in or upon a designated or described place vehicle or person. "allegations of facts supporting such statement such

allegations of fact may be based upon personal knowledge of the applicant or upon information and belief provided that in the lateral event the sources of such information and the grounds of such belief are stated the applicant may also submit depositions of other persons containing allegations of fact supporting or attending to support those contain in the application". If police had probable cause to search the suspects clothing in Target premises did not give them the authority to seize and subsequently search cell phones and other electronic devices an warrant . These requirements such as specificity and particularity are constitutional prerequisites to a valid warrant." a search warrant must describe with particularity the place to be searched with enough specificity to leave no discretion to the police in order to protect the right of privacy from arbitrary intrusion by law enforcement people V Brown 96 ny 2D 80. "The particularity requirement rule has three requisites first it must establish the specific offense for which probable cause has been established second and must describe the place to be searched finally it must specify the items to be seized in their relation to designated crimes" United States the Galpin 720 F 3D 436 (a case where judge Laura Swain ruled on). If defendant Vasquez police had probable cause to search plaintiffs clothes at the Target premises he did not have probable cause to seize and subsequently  search the defendant cell phones and other electronic devices and violated CPL 690.10 and 690.35 the Fourth and fourteenth amendment by doing so. SEE Riley V California "the police may not conduct a warrantless search of cell phone incident to arrest" the defendants had no reason to believe that evidence of a crime of assault will be found on plaintiff's cell phone or other electronic devices and violated due process and Fourth amendment rights by subsequently searching them at target premises without reasonable cause. SEE Wong Sun V United States 371 US 472 "since the people fail to alleged sufficient facts established in that one that his phone was used to further the goals of the murder or two that the defendant's phone was utilized for criminal purposes that was simply no probable cause to believe that evidence regarding the murder and it's related criminal acts will be located the defendants cell phone consequently any evidence obtained from the defendant's phone must be suppressed as the one was not probably based upon probable cause as it relates to the defendant accordingly any evidence obtained pursuant to the execution of said search warrants plus all derivative evidence must be suppressed". On page one of exhibit a amended search warrant affidavit defendant States clothing specifically blue pants a blue denim jacket a multicolored sweater I hat and white sneakers but he omits these specific intricate details from the cellular phones and other electronic devices

listed subject to seizure and search.for examples the defendant just says messages post and communication he doesn't say like Instagram, tik tok, or Facebook messages or emails he generalizes. SEE RILEY V CALIFORNIA PROHIBITED GENERAL SEARCHES AND people v Covlin 58 Misc 3d 996 a warrant was suppressed for not fulfilling the particularity and specificity requirements of CPL 690.35.

## Meeting the "Franks standards"

19. The Plaintiff is overcoming any presumption or lack thereof of probable cause but satisfying the standards of Frank's V Delaware requiring "the affiant knowingly and intentionally or with a reckless disregard of the truth made false statements or omissions in his application for a warrant and two such statements or omissions were necessary to find in a probable cause" it is insufficient for a plaintiff to allege that there were errors in the affidavit as misstatements or omissions caused by negligence or innocent mistakes do not establish falsity or reckless disregard United States V Rajaratnam 719 f 3d 139 "it must be alleged that any misrepresentations or omissions were designed to mislead or that they were made in reckless disregard of whether they would mislead" Rajaratnam. Defendant Vasquez stated that there would be evidence found in the cell phones and other electronic devices subject to seizure in the search warrant affidavit was a lie the cell phone seizure and search was in violation of CPL 690.10 a lie is designed to mislead. Generalizing and not stating the specific way that the cell phones has a relationship with the crime that took place definitely is designed to mislead.So plaintiff would satisfy the first element of the Frank's standard "knowing falsity or reckless disregard " Calderon V City of Ny 138 f supp 3d 593.

The second element of the Franks standard is a "necessity or materiality" a false statement is material when the alleged falsehoods or omissions were necessary to the issuing judges probable cause finding" if the warrant was signed this exhibit a amended circle warrant affidavit the relevance of the cell phone and other electronic devices to the assault that occurred would be a material emission and lying and saying that there is relevance would be material falsehood.SEE Magnotti V Kuntz 918 f 2d 364 (2d Cir) "applying Franks standard to issues of qualified immunity in section 1983 action"

20. Plaintiff also asserts that everybody at the Target premises included himself and his mother who is diagnosed with breast cancer has expectation of privacy which was violated because the warrant designates the phones as belonging to Kazzim Cooper but the plaintiff isn't charged with a crime and the search warrant was conducted on April 6 2021 and the plaintiff wasn't indicted for the assault criminal action until April 30 2021. If the police the defendant Vasquez did not charge plaintiff with a crime at the time he applied for search warrant everyone in the plaintiff's house the target premises has the expectation of privacy defendant detective Vasquez just states that the person that was at the crime scene of the assault ran to the target premises was only because he was saying that the suspect had the clothes that were depicted in the search warrant specifically he had no reason to name the plaintiff as a designee subject for telephone and other electronic devices seizure when everyone in plaintiff's home has expectation of privacy.

the legal standards of Frank's V Delaware do not apply in the plaintiff's case because his warrant was not signed by a neutral Magistrate

21. "because the warrant that was void at the outset is akin to no Warrant at all cases involving the application of the good faith exception to evidences pursuant to a warrantless search are especially instructive" United States V Levin Criminal Action #15-10271-WGY(D.Mass 2016).
In United States V Curzi 867 F.2d 36 (1st Cir 1989) "the first circuit declined to recognize a good faith exception and respect to warrantless searches" "to hold that the good faith exception is applicable ahead will collapse the distinction between a voidable and a void warrant, this distinction is meaningful the former involves judicial error such as misjudging the sufficiency of the evidence or the warrant applications fulfillment of the statutory requirements while the latter involves judicial authority" SEE US V Curzi 867 F 2d 36. Plaintiff does not have to fulfill the standards in Frank V Delaware because this amended search warrant affidavit is not signed by a judge SEE UNITED STATES V RAJARATNAM, Calderon V City of New York.

22. Plaintiff cites clearly established law that prohibits a search from being executed without being authorized or signed by judge indicating oath and affirmation SEE Nathanson V United States 290 US 41 "under the Fourth amendment and officer

may not properly issue a warrant to search a private dwelling unless he can find probable cause therefore from facts or circumstances presented to him under oath or affirmation May affirmance of belief or suspicion is not enough, did the warrant issue upon probable cause supported by oath or affirmation within the intendment of the amendment? The amendment applies to warrants under any statue revenue tariff and all others no warrant inhibited by it can be made effective by act of Congress or otherwise" Nathanson V United States. People V Jonas 35 AD 2D 615 "a search warrant may be issued only upon probable cause supported by oath or affirmation NY Constitution art 1 sec 12 to validate an affidavit the administration of an oath to the declarant by some person who has authority to administer an oath is essential" matter of City of Rochester V Bloss it was held that "the requirement of the statue that a warrant for the collection of the taxes shall be issued under the hand of the mayor and the sale of the city of Rochester is mandatory and hence that a warrant issued without the seal is void and payment of taxes there under cannot be enforced" Matter of City of Rochester V Bloss 77 App Div 28.

23. Defending John Doe NYPD officers are liable for executing search warrant knowingly false because it wasn't signed by a neutral Magistrate

CPL 690.25 (2) "SEARCH WARRANTS TO HOME ADDRESSABLE AND BUY HOME EXECUTABLE" states "a police officer to whom a search warrant is addressed as provided in subdivision 1 may execute it pursuant it to its terms" CPL 690.10 Terms "property is only subject to seizure pursuant to a search warrant if there's reasonable cause" oath and affirmation supported by a neutral Magistrate is that probable cause was found the lack thereof this signature indicates that it was not signed by a judge and these defendants and nypd John Doe's still in reckless disregard of whether probable cause was found to execute this search warrant or not still executed it they didn't care if they had probable cause but they knew that the plaintiff was a parolee. Thereby John Doe defendants NYPD offices violated places 4th and 14th amendment rights when they knowingly executed this this search warrant when the affidavit was not signed and they can only execute a search warrant pursuant to its terms.

Defendants city of New York are liable for failing to train defendants

9

24. Defendants city of New York have indirect municipality liability. "A municipality is liable for failure to train its police force with a plaintiff proves that the municipality acting recklessly intentionally or with gross negligence and that the lack of training was so grossly negligent that deprivation of persons constitutional rights was substantially certain to result" City of Canton Ohio V Harris 489 US 378. The city of New York failing to train NYPD Detective Brengie Vasquez 11169 due to the fact that a search warrant is void if not signed by neutral Magistrate Nathanson V United States 290 US 41 defendants city of New York were deliberately indifferent to the rights of NYC civilians by failing to train and supervise Detective defendant Vasquez and his NYPD colleagues defendants officers who executed the search warrant on the fact that they need to know that a warrant has to be signed in order for it to be valid and authorized and this led to the Plaintiffs Fourth and fourteenth amendment rights being violated.

25. Money damages

Defendant detective brengie Vasquez is being sued in his individual capacity for punitive damages and his individual capacity for compensatory damages. Defendant Vasquez acted under color of state law at all times relevant to this complaint.

26. Plaintiff is requesting punitive damages in the amount of $875,000 million and compensatory damages in the amount of $375,000

27. Defendants John Doe NYPD officers are being sued in their individual capacities for punitive and compensatory damages they acted under color of state law at all times relevant to this complaint

28. Defendants John Doe NYPD officers each officer who participated in execution of August 8th 2021 search is being sued in his individual capacity for punitive damages in the amount of $620,000 each. For compensatory damages defendants are being sued in their individual capacity for $250,000 each.

29. Defendants city of New York are being sued in their official capacity for compensatory damages defendant city in New York acted under color of state law at all times relevant to this complaint.

30. Defendant city of New York are being sued in their official capacity for compensatory damages in the amount of $175,000.

31. Plaintiff is requesting declaratory judgment stating that a search warrant has to be supported by oath and affirmation via signature by a neutral magistrate and these are the plaintiff's rights.

Injuries

32. 1. "Emotional Distress" the trauma of being unlawfully searched lead to plaintiff feeling anxiety fear helplessness and humiliation. Just a fear of thinking that the police could do anything to you whenever they felt like it it's traumatizing enough to be detrimental to your well being. 2. Ptsd the defendant developed ptsd from an experience nightmares flashbacks and anxiety sometimes every morning waking up thinking that the police are going to bust open his door. fourth amendment violations "I am claiming injury due to illegal search and seizure which violates my fourth amendment rights and constitutes a broader constitutional injury affecting my privacy and legal standing" Constitutional injuries. The cell phones at which we're confiscated in laws had sentimental value of family pictures birthdays graduation photos acquaintances that it would be difficult to get back in contact with whether business or casual the legal research that I've did all of my legal law studying that I did that was lost in the electronic devices that the police took. Invasion of privacy.Loss of Liberty.

33. Heck V Humphrey The ruling Heck versus Humphrey does not apply to the plaintiff because assistant district attorney Sarah Lubin said on August 11th 2024 that "the clothing, cell phones and other electronic devices that were seized and searched were lost in police inventory and would not be used against the Plaintiff in his criminal trial".

34. "in considering a motion to dismiss a district court must accept all factual claims in a complaint is true and draw all reasonable emphasis in the plaintiff's favor" Lotes Co Ltd v Hon Hai Precision indus Co 753 f 3d 395.

35. Plaintiff invoking state supplemental jurisdiction pursuant 28 USC 1367.

36. Defendants conduct violated state law trespass, article 1 section 12 prohibits illegal search and seizure absent probable cause supported by oath and affirmation.

37. Defendant detective Vasquez is being sued in his individual capacity for punitive and compensatory damages for violating state law. He is being sued for $175,000 in compensatory damages and $375,000 in punitive damages for violating state law

38. Defendants John Doe NYPD officers are being sued in the individual capacity for punitive and compensatory damages for violating state law. Defendants John Doe NYPD officers are being sued for punitive damages in the amount of $200,000 for violating state law and compensatory damages in the amount of $100,000 for violating state law.

39. Defendant New York City is being sued for violating state law in it's official capacity for compensatory damages in the amount of $200,000 for violating state law.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK, STATE OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH

152 WEST 118TH STREET, APT. 5 E, NEW YORK, NEW YORK

("THE TARGET PREMISES")

AMENDED AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Police Officer Brengie Vasquez Shield # 11169, of the 28th Precinct of the New York City Police Department ("NYPD"), being duly sworn, deposes and says:

1.     I am a Police Officer assigned to the 28th Precinct Detective Squad and as such I am a public servant of the kind specified in CPL 690.05(1). I have been a police officer with NYPD for approximately eleven years and have participated multiple assault investigations as well as multiple search warrant executions.

2.     This affidavit is submitted in support of an application for a warrant to search 152 West 118th Street, Apt. 5 E, New York, New York ("THE TARGET PREMISES"), where there is reasonable cause to believe that evidence of the commission of the crime of assault in the second degree (Penal Law § 120.05 (12)), may be found in the form of the following property:

a.   Clothing, specifically blue pants, a blue denim jacket, a multicolored sweater, a hat and white sneakers;

b.   Photographs depicting any of the above-listed items of clothing;

c.   Cellular telephones, mobile devices, cameras, video-recorders and other electronic devices and/or equipment capable of storing data, information and images and their components and accessories, including but not limited to wires, cords, monitors, software, hard drives and charges, belonging to or possessed by KAZZIM COOPER;

d.   Books, manuals, guides or other documents containing information about the operation and ownership of a cellular telephone, mobile device, camera, video recorder or other electronic storage device present in THE TARGET PREMISES, including but not limited to cellular telephone and software user manuals;

e.   evidence of ownership and use of THE TARGET PREMISES, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to THE TARGET PREMISES or

85639901

other real property, mail addressed to or from THE TARGET PREMISES, or other documents bearing the address of THE TARGET PREMISES, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, videotapes and photographs of persons.

3. With respect to the seizure and search of cellular telephones, mobile devices, cameras, video recorders and other electronic devices and/or equipment capable of storing the above described property in addition to searching for the items described above in Paragraph 2, it is requested that authorization be granted to search these devices for the items detailed below, the searches to be restricted in time period where appropriate according to the nature of the item for which the search is authorized, as noted below:

a. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing or depicting or otherwise referring to, or suggesting participation in, the assault described in paragraph 7 of this affidavit, namely: the unprovoked assault of a 75-year old woman on the sidewalk in front of 168 Lenox Avenue in New York County on April 4, 2021 at approximately 3:00 p.m.;

b. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a motive for the assault described in paragraph a, above;

c. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, an intent to commit the assault described in paragraph a, above;

d. Messages, posts, communications, pictures, videos, friend list content, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to the assault described in paragraph a, above;

e. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, the whereabouts of the user of the device being searched on or about April 4, 2021;

f. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, KAZZIM COOPER'S ownership of the items set forth in paragraph 2(a)-(e) above;

g. Messages, posts, text communications, other communications, call detail, voicemails, internet searches, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a connection between the user of the device being searched and the vicinity of 168 Lenox Avenue in New York County, or the user's familiarity with that location;

8563990

h. Messages, posts, text communications, other communications, call detail, voicemails, internet searches, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a connection among KAZZIM COOPER and the assault enumerated in paragraph 3(a);

i. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting the user/owner of the device being searched, as well as that user's/owner's access to the account and ability to post information to the account, to the extent applicable.

4. It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of TARGET PREMISES.

5. With respect to the stored electronic data, information and images contained in computers and other electronic devices described above and/or their components and accessories, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

6. As set forth below, there is reasonable cause to believe the above described property constitutes evidence of a crime, tends to demonstrate that a crime was committed, or that a particular person participated in the commission of a crime, specifically Assault in the Second Degree (Penal Law § 120.05 (12)).

## FACTUAL BACKGROUND AND PROBABLE CAUSE

7. The following facts are based upon information supplied to me by other individuals involved in this investigation, my conversations with members of the New York City Police Department who are familiar with this investigation, my review of relevant surveillance video, my conversations with the complaining witness, my review of documents related to this investigation, and other sources as specified, as well as my own recollections and inferences I have drawn from all such information. It does not, however, include all of the information known to me with respect to this investigation, but only the information that is necessary to establish the requisite probable cause.

a. I am informed by the complaining witness, a 75-year-old woman known to the District Attorney's Office, that on April 4, 2021 at approximately 3 p.m., she was walking on the sidewalk in front of 168 Lenox Avenue in New York County when an unknown male approached her and punched her once in the face, without saying anything to her. The complaining witness fell to the ground and experienced swelling, bruising and substantial pain as a result of the attack.

b. I have reviewed surveillance video recorded in the vicinity of 168 Lenox Avenue in New York County from April 4, 2021 at approximately 3:00 p.m. and observed a black male wearing a denim jacket, blue jeans, a hat and white sneakers (Exhibit 1), approach the complaining witness.

8563990

*Exhibit 1*



c.  I observed the male approach the complaining witness and punch her in the face. The force of the blow caused the woman to fall to the ground, at which point the suspect walked away, towards West 118th Street.

d.  I reviewed surveillance video from West 118th Street, which revealed that immediately after the attack, the suspect entered an apartment building located at 152 West 118th Street in New York County;

e.  I reviewed surveillance video from inside 152 West 118th Street, which showed the suspect walk from the lobby towards a stairwell, where he walked up the stairs. In between the fourth and fifth floors, the suspect removed the jacket and was wearing a multicolored sweater. He then proceeded to the fifth floor, where he unlocked the door to Apartment 5E and entered the apartment.

f.  I also reviewed surveillance video recorded from 152 West 118th Street just prior to the attack, and observed that, at approximately 2:30 pm, the suspect exited Apartment 5E, left

4

85639900

the apartment building and walked towards Lenox Avenue, where he then assaulted the complaining witness.

8. On April 5, 2021, at approximately 7:15 p.m., I entered 152 West 118th Street, and went to the fifth floor. I observed that the exterior apartment door to Apartment 5E has "5E" displayed in the middle of the door.

9. On April 6, 2021, I showed Detective Isaac Moultry, of the 24th precinct, the surveillance video from the assault and the time period around the assault, as well as still photographs from the surveillance video. Detective Moultry informed me that he recognized the suspect to be Kazzim Cooper (DOB 10/15/1986), having arrested Cooper on January 8, 2021.

10. On April 6, 2021, I submitted an affidavit in support of a search warrant for the target premises, which was authorized by the Honorable Anne E. Swern. Said search warrant is attached hereto and incorporated herein. In said search warrant, I set forth that Kazzim Cooper's parole officer, Libby Black, had visited Cooper in his home, THE TARGET PREMISES, on April 6, 2021. This morning, I again spoke again with Parole Officer Black, who clarified that she last observed Cooper in THE TARGET PREMISES on April 1, 2021. On April 6, 2021, Parole Officer Black spoke to Cooper's mother, who also resides at THE TARGET PREMISES, and was informed by Cooper's mother that he was home at the time.

## CONCLUSION

11. As indicated above, in addition to the specified clothing and footwear, I am seeking to seize and remove from THE TARGET PREMISES: cellular telephones, mobile devices, cameras, video-recorders, and other electronic devices capable of storing data, information and images.

12. Because such devices are readily capable of storing data, information and images, it is reasonable to believe that any such devices may contain evidence of the crimes under investigation and sought by this warrant application. Neither I, nor my fellow officers assigned to my unit, have the training and expertise in forensic computer analysis to conduct a thorough and complete forensic search of computers, cellular telephones and/or other electronic storage devices. I am therefore requesting that the Court authorize the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me in accessing, downloading, retrieving, printing, copying or otherwise seizing the computerized and electronic evidence described above from any devices seized.

WHEREFORE, deponent respectfully requests that the Court issue a warrant and order of seizure in the form annexed authorizing a search of THE TARGET PREMISES, for the above described property; and directing that if such property is found, it be brought before the Court.

It is also requested that the Court authorize the seizure of cellular telephones, mobile devices, and/or other electronic storage devices as described above for the purpose of conducting an off-site search for the evidence described. In addition, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

5

8563990

It is also requested that the Court authorize that, for purposes of the requirement that a search warrant be executed within ten days as mandated by CPL Section 690.30(1), that with respect to any computers, cellular telephones, and other electronic storage devices, the warrant be deemed executed at the time that said devices are seized and removed from THE TARGET PREMISES, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant. Once said computers and other devices are seized pursuant to the warrant, the data, information and images contained therein will not change, and thus no greater intrusion will result from a thorough search being conducted within a reasonable time.

It is also requested that the Court authorize a search of all files and data stored in computers, cellular telephones, and other electronic storage devices, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored.

It is also requested that the Court authorize forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing the computerized information and electronic evidence described above from any devices seized.

It is requested that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission be granted for an assistant district attorney in the New York County District Attorney's Office to obtain a copy of any such sworn testimony and that permission be granted for an assistant district attorney in the New York County District Attorney's office to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

Police Officer Brengie Vasquez, Shield # 11169
28th Precinct Detective Squad


APPROVED: _____
Jean Prisco
Assistant District Attorney


Sworn to before me this
April __, 2021


_____
Judge of the Criminal Court of the City of New York

6

8563990

## AMENDED SEARCH WARRANT

COUNTY COURT OF THE STATE OF NEW YORK
STATE OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

      Proof by affidavit having been made this day before me by Police Officer Brengie Vasquez, Shield # 11169, of the 28th Precinct of the New York City Police Department that there is reasonable cause to believe that certain property, to wit:

    a. Clothing, specifically blue pants, a blue denim jacket, a multicolored sweater, a hat and white sneakers,

    b. Photographs depicting any of the above-listed items of clothing

    c. Cellular telephones, mobile devices, cameras, video-recorders and other electronic devices and/or equipment capable of storing data, information and images and their components and accessories, including but not limited to wires, cords, monitors, software, hard drives and charges, belonging to or possessed by KAZZIM COOPER;

    d. Books, manuals, guides or other documents containing information about the operation and ownership of a cellular telephone, mobile device, camera, video recorder or other electronic storage device present in THE TARGET PREMISES, including but not limited to cellular telephone and software user manuals;

    e. evidence of ownership and use of THE TARGET PREMISES, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to THE TARGET PREMISES or other real property, mail addressed to or from THE TARGET PREMISES, or other documents bearing the address of THE TARGET PREMISES, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, videotapes and photographs of persons.

may be found in 152 West 118th Street, Apt. 5E, New York, New York ("THE TARGET PREMISES"); and has been used or is possessed for purpose of being used to commit or conceal the commission of the crime Assault in the Second Degree (Penal Law §120.05 (12)); and constitutes

7

8563990

evidence of said crime, tends to demonstrate that said crime was committed, or that a particular person participated in the commission of said crime.

YOU ARE THEREFORE COMMANDED, to enter and to search THE TARGET PREMISES, for the above described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

FURTHER, this Court authorizes the seizure of cellular telephones, mobile devices, and/or other electronic storage devices, as described above, for the purpose of conducting an off-site search for the evidence described, and authorizes that the above-described data, information, and images, may be retrieved and printed or otherwise reproduced by converting or copying the data, information and images into storage in another device;

FURTHER, with respect to the seizure and search of cellular telephones, mobile devices, cameras, video recorders and other electronic devices and/or equipment capable of storing property sought by this warrant, this Court authorizes the search of these devices for said property and for the items detailed below, the searches to be restricted in time period where appropriate according to the nature of the item for which the search is authorized, as noted below:

a. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing or depicting or otherwise referring to, or suggesting participation in, assault described in paragraph 7 of this affidavit, namely: the unprovoked assault of a 75-year old woman on the sidewalk in front of 168 Lenox Avenue in New York County on April 4, 2021 at approximately 3:00 p.m.;

b. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a motive for the assault described in paragraph a, above;

c. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, an intent to commit the assault described in paragraph a, above;

d. Messages, posts, communications, pictures, videos, friend list content, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to the assault described in paragraph a, above;

e. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, the whereabouts of the user of the device being searched on or about April 4, 2021;

f. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, KAZZIM COOPER'S ownership of the items set forth in paragraph 2(a)-(e) above;

8

85639911

g. Messages, posts, text communications, other communications, call detail, voicemails, internet searches, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a connection between the user of the device being searched and the vicinity of 168 Lenox Avenue in New York County, or the user's familiarity with that location;

h. Messages, posts, text communications, other communications, call detail, voicemails, internet searches, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting, a connection among KAZZIM COOPER and the assault enumerated in paragraph 3(a);

i. Messages, posts, communications, pictures, videos, computer generated images or other images or records portraying, recording, describing, depicting, or otherwise identifying, referring to, or suggesting the user/owner of the device being searched, as well as that user's/owner's access to the account and ability to post information to the account, to the extent applicable.

FURTHER, this Court authorizes that, with respect to any computers, cellular telephones, and other electronic storage devices, as described above, for purposes of the requirement that a search warrant be executed within ten days as mandated by CPL Section 690.30(1), this warrant will be deemed executed at the time that said devices are seized and removed from THE TARGET PREMISES, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to the warrant;

FURTHER, this Court authorizes a search of all files and data stored in cellular telephones, mobile devices, and other electronic storage devices, as described above, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored;

FURTHER, this Court authorizes forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing data, information and images from cellular telephones, mobile devices, and other seized electronic storage devices as described above.

IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit and/or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter and to search THE TARGET PREMISES, for the above described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

8563990

IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit and/or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

This warrant must be executed within 10 days of the date of issuance.

_____
Judge of the Criminal Court
of the City of New York

Dated: New York, New York

_____

10

8563990

Pro Se

Looper V Swern

24CV6702

RECEIVED
SDNY PRO SE OFFICE

2025 MAR 31 AM 11: 00

Filing deadline

3/30/25