UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER AKA KAZZIM COOPER,

                Plaintiff,

-against-

JUDGE ANNE SWERN, ET AL.,

                Defendants.

24-CV-6702 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under 42 U.S.C. § 1983. By order dated January 12, 2025, the Court granted Plaintiff 60 days' leave to file an amended complaint to address deficiencies in his original pleading. (ECF 8.) On February 6, 2025, in response to the order to amend, Plaintiff submitted an "informal recusal letter" under 28 U.S.C. § 455, and asked that the submission "not be construed as [a] formal motion" and referenced the Court's individual practice rules. (ECF 10.) By order dated February 13, 2025, the Court denied the motion. (ECF 11.) Plaintiff has since emailed and telephoned chambers several times to object to the Court's February 13, 2025 order.

      The Court alerts Plaintiff that the order denying his motion was without prejudice. Plaintiff is granted leave to submit a formal recusal motion to add any additional information he wishes to include.

      Although the Court is granting Plaintiff this relief, he is also on notice that his telephone calls and emails to chambers are improper. The Court's Standing Order, "In the Matter of Pro Se Litigation," provides that "all pro se litigants shall file their papers with the Pro Se Office of this Court." M10-468 (Oct. 31, 1996). Furthermore, the undersigned's Individual Practices state that

> [a]ll filings and communications . . . from pro se parties **must** be filed through the Pro Se Intake Unit, and **must not** be emailed, mailed, or faxed directly to

chambers. Similarly, pro se parties should not call chambers; procedural questions should instead be address to the Court's Pro Se Intake Unit.

*See* Individual Practices of Chief Judge Laura Taylor Swain (emphasis in original).

Accordingly, the Court directs Plaintiff to cease further attempts to contact the undersigned's chambers by telephone or any other means than by filing documents with the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 18, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge