UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAAZIM COOPER ALSO KNOWN AS KAAZIN COOPER ALSO KNOWN AS KAZZIM COOPER,<br><br>                    Plaintiff,<br><br>-against-<br><br>NYPD DETECTIVE BRENGIE VASQUEZ 1169; JOHN DOE NYPD OFFICERS; CITY OF NEW YORK,<br><br>                    Defendants. | 24-CV-6702 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), was incarcerated when he filed this complaint but is now on parole. He asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his state-court criminal proceedings. By order dated January 13, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on March 30, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

**A.     The original complaint**

In Plaintiff's original complaint, he named as Defendants two New York State criminal court judges, Anne Swern and Curtis Farber; New York County Assistant District Attorney ("ADA") Jean Prisco; New York City Police Department ("NYPD") Detective Brengie Vasquez and John Doe police officers; and Frank Bryant from the Office of Special Investigation. (ECF 1.) The Court assumes familiarity with its January 13, 2025 order, which detailed the allegations in the original complaint. In summary, Plaintiff alleged that in April 2021, when he was on parole from an assault conviction, Det. Vasquez and ADA Jean Prisco applied for a warrant to search his residence in connection with a new assault. (ECF 1 at 36.) In a supporting affidavit, which is attached to the complaint, Det. Vasquez stated that the application was based on surveillance video, investigatory documents, and discussions with the complaining witness, police personnel, and "other sources." (*Id.* at 34.) He further stated that there was "reasonable cause to believe that evidence of [the crime] may be found in the form of the following property," including Plaintiff's cell phone and other electronic devices. (*Id.*) According to Plaintiff, Judge Swern "accept[ed] such application," and Det. Vasquez and the John Doe NYPD

officers "executed" the warrant and seized from Plaintiff's residence, among other things, a cell phone. (*Id.* at 10.) Thereafter, Plaintiff was arrested and charged with the assault.[1] (*Id.*)

Plaintiff's criminal defense attorney, Glenn Hardy, made a pretrial motion challenging the warrant as overbroad and "improperly granted in that probable cause for [it] was" lacking, and seeking to suppress "all [seized] material."[2] (*Id.* at 83.) Hardy argued that there was "no information" in Det. Vasquez's affidavit that Plaintiff "had a cell phone when the crime was committed," and that his assertion that Plaintiff's phone "might contain evidence of the incident [was] not premised upon specific and particularized facts" sufficient to support issuance of the warrant. (*Id.* at 82-88.) The trial court denied the suppression motion and, on March 13, 2024, a jury convicted Plaintiff of the assault. (*Id.* at 11.)

In the original complaint, Plaintiff challenged the validity of the search warrant on the same grounds set forth in Hardy's motion, and he further claimed that there was no grand jury testimony about a cell phone. (*Id.* at 11.) He also asserted that Defendants conspired to violate his rights to equal protection by targeting him due to his status as a parolee. (*Id.* at 18.) Plaintiff also alleged that: (1) his property was lost when he was extradited from Virginia to New York; (2) one of the judges ordered a competency hearing during his criminal proceeding but he was never evaluated; and (3) a correction officer at Rikers Island "threatened" Plaintiff if he did not attend court during the criminal proceedings. Plaintiff sought money damages. (*Id*. at 16, 18-22, 28.)

---

[1] According to Plaintiff, however, the seized property, including the cell phone, was lost in police inventory and was not used against him at trial. (*Id.* at 15.)

[2] In the motion, which is attached to the complaint, Hardy acknowledged that the People "obtained" a warrant to search Plaintiff's residence. (*Id.* at 82.)

In the January 13, 2025 order to amend, the Court: (1) dismissed the claims against the judges and prosecutor on immunity grounds; (2) dismissed the claims against the City of New York for failing to allege facts in support of a municipal liability claim; and (3) dismissed Plaintiff's other claims for failure to state a claim on which relief may be granted. With respect to the search warrant claim, the Court held that the facts alleged did not show that the NYPD violated Plaintiff's Fourth Amendment rights:

> Here, NYPD officers executed a search warrant that had been signed by a judge. Plaintiff does not allege that Det. Vasquez made false statements or material omissions in the affidavit in support of the search warrant. Instead, Plaintiff relies on arguments made by his defense attorney in a suppression motion, and grand jury testimony, to argue that there was no probable cause in support of the search warrant or the seizure of his cell phone. Plaintiff does not plausibly plead facts sufficient to overcome the presumption that the officers' search of his residence and seizure of his cell phone property pursuant to the search warrant was reasonable.

(ECF 8 at 8-9.)

The Court granted Plaintiff leave to file an amended complaint. (*Id.* at 17.) Plaintiff filed an amended complaint, in addition to a notice of interlocutory appeal. (ECF 13, 14.) By Mandate issued June 18, 2025, the Second Circuit dismissed the appeal because Plaintiff did not pay the filing fee or seek IFP status in that court. No. 25-0479 (2d Cir. June 18, 2025).

**B.     The amended complaint**

The Defendants named in the amended complaint are Det. Vasquez, the John Doe NYPD officers, and the City of New York. Plaintiff reiterates that Det. Vasquez failed to show any connection between the assault and his cell phone, and that no grand jury testimony connected the crime to a cell phone. (ECF 14 at 6, 8.)

Plaintiff also presents the following new allegations: (1) Det Vasquez "knowingly and intentionally," and with "reckless disregard of the truth," submitted an affidavit containing "false statements or omissions," in violation of *Franks v. Delaware*, because he falsely claimed that

4

there would be evidence on the cell phone or other electronic devices linking Plaintiff to the assault when such was not the case (*Id.* at 11); (2) Judge Swern never actually signed the search warrant, and he attaches to the amended complaint an unsigned copy (*Id.* at 7, 12-14, 22); (3) the City of New York should be held liable under a theory of municipal liability that it failed to properly train police officers of the requirement that a warrant be signed before it is executed (*Id.* at 14); and (4) the search of the apartment violated the privacy rights of other individuals living the apartment, including his sick mother. (*Id.* at 12.)

**C.     Motions for recusal, reassignment, and change of venue**

On February 6, 2025, Plaintiff filed a "pre-motion letter" seeking the undersigned's recusal, alleging that the Court had "showed prejudice, bias, and lack of impartiality" by "deliberately misconstrued facts" in his pleading. (ECF 10.) At the top of that letter, Plaintiff wrote that it "should "not be construed as [a] formal motion," and referenced the undersigned's individual practice rules requiring a pre-motion letter. (*Id.*) The Court construed the letter as a motion for recusal, denied it because it was based on conduct "aris[ing] in a judicial context," and not "extrajudicial conduct," and *sua sponte* granted Plaintiff an extension of time to file an amended complaint. (ECF 11.)

On February 14, 2025, Plaintiff filed a letter objecting to the Court having treating his pre-motion letter for recusal as the actual motion for recusal. (ECF 12.) In response, the Court issued an order reiterating that the order denying recusal was without prejudice, and granting him leave to submit a formal recusal motion to add any additional information he wished to include in support of such an application. (ECF 16.) On April 9, 2025, Plaintiff filed a motion for a change of venue under 28 U.S.C. § 1404, or for "reassignment" of his matter, based on the Court having construed the pre-motion letter as the complete motion for recusal. (ECF 15.)

## DISCUSSION

A.  **Motions**

The Court first addresses the motions for recusal, reassignment, or change of venue. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible," or that the Court engaged

6

in extra judicial conduct that demonstrated a personal bias. *Id.* Although the Court denied recusal before Plaintiff had submitted a formal motion, it also granted Plaintiff leave to refile such a motion, which he declined to do. Plaintiff's motion is based on the timing and contents of court activity or rulings, and not extrajudicial bias. The remedy for dissatisfaction with court rulings or the handling of this case is an appeal them to the United States Court of Appeals for the Second Circuit. *See id.* (noting that [a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

As Plaintiff has failed to show that recusal is warranted in this matter, the Court denies the motion for recusal, reassignment, or a change of venue.

**B.    Previously asserted claims in the amended complaint**

Insofar as Plaintiff reasserts allegations about the search warrant that were set forth in the original complaint–- namely, that the search warrant affidavit provided no grounds for seizing electronic devices and that there had been no grand jury testimony showing any connection between the assault and any electronic devices -– those claims are dismissed, for failure to state a claim on which relief may be granted, for the reasons set forth in the January 13, 2025 order (ECF 8) and in this order.

**C.    Newly asserted claims in the amended complaint**

**1.    Fraud in obtaining the search warrant**

Plaintiff asserts that Det. Vasquez falsely claimed that there would be inculpatory evidence found in Plaintiff's electronic devices, in violation of *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). To state a Section 1983 claim under *Franks*, "the plaintiff must show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." *See Velardi v. Walsh*, 40 F.3d 569,

573 (2d Cir. 1994); *see also Coderre v. City of Wallingford*, No. 15-2877-cv, 2016 WL 4821533 (2d Cir. Sept. 13, 2016) (affirming dismissal of Section 1983 claim for allegedly fraudulently obtained warrant, which requires a showing that the "alleged misstatements and omissions were 'designed to mislead'" or "made in reckless disregard of whether [they] would mislead.") (quoting *United States v. Rajaratnam*, 719 F.3d 139, 154 (2d Cir. 2013)).

Here, Det. Vasquez stated in the search warrant application that, based on the police investigation into the assault underlying Plaintiff's arrest, there was reasonable cause to believe that evidence of the assault *may* be found on Plaintiff's cell phone or other electronic devices. He did not claim, as Plaintiff appears to assert, that such evidence would be found. (ECF 14 at 34.) Plaintiff's allegations in the amended complaint, and the information contained in its attachments, do not give rise to a plausible inference that Detective Vaquez deliberately or recklessly made false statements or material omissions in the affidavit in support of the search warrant. Accordingly, the Court dismisses this claim for failure to state a claim on which relief may be granted.

**2.    The search warrant was never signed**

Plaintiff now alleges that Judge Swern never actually signed the search warrant. (ECF 14 at 26.) But this assertion conflicts with all the other information Plaintiff has presented to this Court. According to Plaintiff, Judge Swern "accept[ed]" the search warrant application; Plaintiff's attorney later argued in a motion to suppress that Judge Swern had "improperly granted" the warrant and that the People had improperly "obtained" it. (*Id.* at 82-83.) These assertions do not give rise to an inference that a state-court judge never signed the warrant, even if the only copy in Plaintiff's possession is unsigned.

In any event, even if the warrant were never actually signed, courts have held that as long as a judge reviewed the documents submitted in support of a search warrant and determined that

8

sufficient probable cause existed to approve it, the signing of the warrant is a ministerial act, and the lack of a signature does not invalidate the determination of probable cause. *See, e.g., United States v. Turner*, 558 F.2d 46, 50 (2d Cir. 1977) (holding that signatures on warrants are "purely ministerial, that a magistrate delegating the task of signing a warrant to a subordinate did not violate the Fourth Amendment, and that "[a]s long as the magistrate in fact performs the substantive tasks of determining probable cause and authorizing the issuance of the warrant, the amendment is satisfied"); *United States v. Pierce*, 493 F. Supp. 2d 611, 640 (W.D.N.Y. 2006) (noting that courts have "found that a magistrate judge's failure to sign a search warrant does not, by itself, invalidate" it) (collecting cases). *See also United States v. Whiteside*, 141 F.4th 734, 745-46 (6th Cir. 2025) (holding that "despite not signing the warrant, [the magistrate judge] showed that she made the necessary probable cause determination."); *United States v. Cruz* , 774 F.3d 1278, 1285 (10th Cir. 2014) (noting that "nothing in the [text of] the Fourth Amendment [expressly] conditions the validity of a warrant on its being signed") (citing *United States v. Lyons,* 740 F.3d 702, 724 (1st Cir. 2014)); *United States v. Hondras,* 296 F.3d 601, 602 (7th Cir. 2002) (holding that "[i]ssuing a warrant is not synonymous with signing a warrant"); *United States v. Jackson,* 617 F. Supp. 2d 316, 320 (M.D. Pa. 2008) (holding that "signing a search warrant is just one of a number of methods that an issuing authority may use to signal that the warrant complies" with the Fourth Amendment). *But see Martin v. United States*, 703 F. App'x 866, 873 (11th Cir. 2017) (noting that "this Circuit is silent as to the effect of an unsigned warrant."); *United States v. Kelley*, 140 F.3d 596, 604 (5th Cir. 1998) (rejecting a per se rule and holding that the circumstances surrounding the warrant's issuance must be analyzed to determine whether it meets the Fourth Amendment's requirements).

Here, there is every indication that Judge Swern made a determination that probable cause existed to issue a warrant, and authorized a search of Plaintiff's residence. Accordingly, the Court finds that Plaintiff has not alleged facts in support of a viable claim that Defendants violated his Fourth Amendment rights by executing an unauthorized warrant, and dismisses this claim for failure to state a claim on which relief may be granted.

### 3. The search of Plaintiff's apartment violated his mother's privacy rights

In federal court, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and "an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf, including on behalf of a parent. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (1990) ("[N]on-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2009) (a nonattorney trustee may not represent a trust *pro se*). A party proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558 (citation omitted).

Because Plaintiff does not indicate that he is an attorney, he cannot assert any claims on behalf of his mother in connection with the search of their residence. The court must therefore dismiss without prejudice any claims Plaintiff is asserting on his mother's behalf.

4.     **Municipal liability claim**

As set forth in the court's prior order, when a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 63 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). A municipal organization is subject to liability where its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges that the City of New York failed to properly train its officers that a warrant must be signed before it is executed. As discussed earlier, his allegations do not show a constitutional violation, and therefore his assertion regarding the allegedly unsigned warrant does not state a plausible claim under Section 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (absent an underlying constitutional violation, there can be no municipal liability under *Monell*). Moreover, even if Plaintiff had provided facts suggesting a violation of his constitutional rights, he has not alleged that the city has a policy, custom, or practice that was the

11

cause of his injury. Accordingly, the Court dismisses this claim for failure to state a claim on which relief may be granted.

**D.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.      Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

For the reasons set forth in the January 13, 2025 order and in this order, Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). The Court denies any pending motions, and declines to exercise supplemental jurisdiction over any claims arising under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge